UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>v.<br><br>EDWARD D. WALDAL,<br><br>Defendant/Movant. | Case No. 4:12-cv-00278-EJL<br>4:09-cr-00276-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Edward D. Waldal's ("WaLdal") Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1). Having reviewed the Motion as well as the Response (Civ. Dkt. 7) and the underlying criminal record, the Court enters the following Order dismissing the Motion.

## PROCEDURAL BACKGROUND

On November 24, 2009, Waldal was charged in a multi-defendant Indictment with one count of conspiracy to distribute 500 grams or more of methamphetamine and one count of possession with intent to distribute methamphetamine. *Indictment*, Crim. Dkt. 1. On January 11, 2011, he entered a plea of guilty to the possession with intent to distribute charge in return for dismissal of the conspiracy charge. *Amended Plea Agreement*, Crim.

MEMORANDUM DECISION AND ORDER - 1

Dkt. 158; *Minutes*, Crim. Dkt. 159. That charge carried a statutory minimum sentence of five years. *Amended Plea Agreement* at 3. As part of the Amended Plea Agreement, Waldal agreed that during a traffic stop, officers located a package weighting in excess of 50 grams that contained a substance containing methamphetamine that was later determined to contain at least 23 grams of actual methamphetamine. *Id* at 2. The Government agreed to recommend at sentencing that Waldal's sentence not exceed 120 months. *Id.* at 7. Waldal also acknowledged that the Court could consider uncharged relevant conduct in imposing sentence. *Id.* at 2.

Defense counsel did not file any objections to the Presentence Report or file a sentencing memorandum in advance of sentence. At the sentencing hearing, the Court determined that the total offense level was 25 which, with a criminal history category of III, yielded a guideline range of 70-87 months. *Sent. Tr.* at 3. The Government argued for a sentence in the middle of that range. *Sent. Tr.* at 4. Defense counsel argued for a sentence at the low end of that range or lower. *Sent. Tr.* at 5. He argued that the Presentence Report which addressed the conduct of all co-Defendants made few references to his client. *Sent. Tr.* at 8. He argued several mitigating factors including Waldal's addiction and attempts at rehabilitation. *Sent. Tr.* at 9-10. Finally, he argued proportionality of sentencing among the co-Defendants and urged a minor role adjustment of 2-levels. *Sent. Tr.* at 11-12. The Government countered that Waldal "could have easily been held accountable for 99 grams of pure methamphetamine" that would have resulted in a guideline range of 97-121 months. *Sent. Tr.* at 18. The Government also

**MEMORANDUM DECISION AND ORDER - 2**

indicated that Walhol was the only defendant in the case who was not willing to provide any cooperation. *Sent. Tr.* at 18-19. The Court ultimately imposed a sentence of 70 months at the low end of the guideline range. *Sent. Tr.* at 35; *Judgment*, Crim. Dkt. 207.

Walhol did not appeal his conviction or sentence. On June 1, 2012, he timely filed the pending § 2255 Motion.

## REVIEW OF § 2255 MOTION

Walhol alleges four grounds of ineffective assistance of counsel at pretrial, plea, and sentencing stages of his prosecution.

The Government responds that Walhol has not established prejudice, that his statements at the plea hearing indicate that he intelligently and voluntarily waived his right to trial, and that the record conclusively shows that Waldal received effective assistance of counsel. On April 24, 2013, the Court entered an Order allowing Waldal until June 17, 2013 to file his reply after he notified the Court that he had not received the Government's response because he was in transport status when it was sent. *Order*, Dkt. 10. Despite the extension of time, Waldal has not filed a reply.

## STANDARDS OF LAW

1.  **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such

MEMORANDUM DECISION AND ORDER - 3

sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

2. **Ineffective Assistance of Counsel**

A defendant is entitled to effective assistance of counsel at the plea and sentencing stages of a criminal prosecution as well as at trial. *United States v. Leonti*, 326 F.3d 1111, 1116-17 (9th Cir. 2003).

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v.*

MEMORANDUM DECISION AND ORDER - 4

*Washington*, 466 U. S. 668 (1984). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment." *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).

The *Strickland* two-part test is also applicable to a case in which a defendant contends that his counsel was constitutionally inadequate during the guilty plea process. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985). To show prejudice in the guilty plea context, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 58-59. However, part of the prejudice determination is the likelihood a more favorable outcome at trial. *Id.*

## DISCUSSION

**1. Failure to Review Objections to Presentence Report and Prepare for Sentencing Hearing**

Waldal contends that counsel did not consult with him or timely file objections to the Presentence Report, that he did not argue Waldal's objections, that he did not provide

to the Court letters from his family members and "other things" prepared and given to him well in advance, and that counsel was unprepared for sentencing hearing.

The Court decides this issue in the context of the Amended Plea Agreement and the Presentence Report each of which limited Waldal's drug quantity to the drugs found in his possession at the time of his arrest and neither of which contained any recommended enhancements.

Waldal fails to identify what objections or corrections counsel should have made, the content of the letters written by family members, or the "other things" that were prepared and given to counsel in advance of the hearing that counsel did not submit. Furthermore, he does not acknowledge that counsel made significant mitigating arguments at sentencing or identify any arguments that counsel should have made but did not. *Sent. Tr.* at 4-16; 21-24. As stated above, mere conclusory allegations are not sufficient to support a claim of ineffective assistance of counsel. *See Shah*, 878 F.2d at 1161. Accordingly, this claim is subject to dismissal.

2.  **Failure to Advise that He Was Pleading to a Quantity of Actual Methamphetamine Rather than a Quantity of Methamphetamine Mixture**

Waldal contends that counsel was ineffective for advising him that he was pleading to possession of 23.9 grams of a methamphetamine mixture which would have resulted in a guideline range of 42-57 months and not to 23.9 grams of actual methamphetamine which resulted in a guideline range of 70-87 months.

This claim is rebutted by the record. As the Government has pointed out, the Amended Plea Agreement contained a statement in the factual basis portion that the seized methamphetamine was the equivalent of more than 23 grams of actual methamphetamine. Furthermore, as more thoroughly summarized in the Government's Response, the Court engaged in an extensive plea colloquy during which Waldal stated under oath that he had gone over with counsel and understood each and every paragraph of the Plea Agreement, that the Plea Agreement accurately stated his agreement with the Government, and that he admitted the substance he possessed and intended to distribute contained at least 23 grams of actual methamphetamine. *Plea Tr.* at 3, 4, 5, 6-9, 11, 12.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight. *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also U.S. v. Kazcynski*, 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements). Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* (citations omitted).

Waldal's allegations are conclusory and unsupported by specifics in direct contradiction to his sworn statements in open court. Accordingly, this claim is subject to dismissal.

### 3. Failure to Argue that the Government Did Not Have Purity Tests and to Allow the Government to State He was Uncooperative

Waldal contends that counsel was ineffective for not arguing at sentencing that the Government did not have any purity tests and that the seized substance was a mixture and not actual methamphetamine.

Counsel could not have argued that the Government did not have any purity tests because the Government had a lab report which it has submitted to the Court. *See Response*, Ex. 2, Dkt. 7-1. Defense counsel acknowledged the existence of the lab report at sentencing. *Sent. Tr.* at 7 ("Finally, the lab report was relied upon. The single lab report from this incident indicated 23.9 grams of methamphetamine is exactly what the lab report says and that is what we pleaded guilty to.")

Waldal also contends that counsel was ineffective for allowing the Government to say he was uncooperative.

Counsel did not let the Government's statement that Waldal was uncooperative to go unchallenged. Rather, counsel thoroughly rebutted the statement by explaining that Waldal cooperated after his arrest at the state level before he was indicted at the federal level, that he offered cooperation after the federal charges were filed, and that he pleaded guilty and was totally candid with the presentence investigator. *Sent. Tr.* at 21-23. Waldal has not alleged what more counsel should have or could have said. Waldal's claims are either conclusory or rebutted by the record and fail to demonstrate either deficient performance or prejudice. Accordingly, they are subject to dismissal.

4.  **Failure to File Motion to Sever**

Waldal contends that counsel never filed a motion to sever or request an evidentiary hearing to expedite resolution of his case. He further contends that he was "very prejudiced" by counsel's performance. He offers only conclusory, non-specific allegations in support of this claim. Accordingly, it is subject to dismissal.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1] When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Slack*, 529 U.S. at 484; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

---

[1] The requirements for a certificate of appealability for a § 2255 appeal do not appear to differ from the requirements for a certificate of appealability for a § 2254 habeas petition related to a state conviction. *See United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997). Therefore, cases addressing the requirements in the context of a § 2254 proceeding are pertinent to a § 2255 proceeding as well.

MEMORANDUM DECISION AND ORDER - 9

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's determination that all of the grounds alleged in the § 2255 Motion are subject to the dismissal to be debatable or wrong. Accordingly, a certification of appealability will not issue.

**ORDER**

**IT IS ORDERED:**

1. Edward D. Waldal's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Civ. Dkt. 1 and Crim. Dkt. 219) is **DISMISSED in its entirety**.

2. No certificate of appealability shall issue. Waldal is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1. To do so, he must file a timely notice of appeal.

3. If Waldal files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: September 2, 2014

Honorable Edward J. Lodge
U. S. District Judge